**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL RAMOS,

    Petitioner,

v.

A. P. KANE, Warden,

    Respondent.
_____/

No. C 05-5181 PJH (PR)

**ORDER GRANTING MOTION TO DISMISS IN PART; SCHEDULING ORDER**

    This is a habeas case filed pro se by a state prisoner. The petition attacks the parole board's denial of parole for the eighth time. As grounds for federal habeas relief petitioner alleges that his due process rights were violated by the board's basing its decision on the unchanging and unchangeable circumstances of the crime; that the decision breached his plea bargain, violating due process; that the "some evidence" standard should not be the standard for constitutionally-sufficient evidence to support denial of parole; and that there was not some evidence to support the decision.

    Respondent has moved to dismiss, contending that (1) the California Supreme Court's decision in *In re Dannenberg*, 34 Cal. 4th 1061 (2005), establishes that California prisoners have no liberty interest in parole and that prisoners therefore have no federal due process rights in connection with parole decisions; (2) petitioner's "breach of plea bargain" claim is not exhausted, making this a mixed petition which must be dismissed; and (3) as to the plea bargain claim, petitioner has not pleaded the facts of his claim, so has failed to adequately allege a basis for federal habeas relief.

    *1.    Dannenberg claim*

    Petitioner's contention that the California Supreme Court's decision in *Dannenberg*

establishes that prisoners do not have a liberty interest in parole has now been rejected by the Ninth Circuit. *See Sass v. California Bd. of Prison Terms*, 2006 WL 2506393 at *3 (9th Cir. Aug. 31, 2006). Respondent's contention that the petition should be dismissed for this reason is without merit.

   *2.  Failure to allege basis for federal habeas relief as to plea bargain claim*

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

Petitioner alleges only one claim in the form petition, that he "was deprived of a liberty interest by the unreasonable application of regulations and statutes." In the section which calls for supporting facts for this claim, however, he presents several legal allegations which, because petitioner is pro se, the court has treated as separate issues. In the facts section, which is about one typewritten page long, he mentions the plea bargain twice: "Although petitioner has been eligible since July 10, 1996, and petitioner was convicted by plea agreement, the Board has continued to rely on the circumstances of the offense to deny parole," and "[p]etitioner also contends that because the state agreed the offense was no more than second-degree murder the plea agreement heightened his expectation of receiving a term consistent with the matrix terms but has been violated."

Respondent concedes in his reply that petitioner has adequately explained this claim in his opposition to the motion to dismiss, but correctly contends that the explanation

must be in the petition, not in an opposition. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (new claims may not be raised in traverse; they should be presented in an amended petition, in response to which the state can file an answer). The explanation in the opposition is: "Petitioner presented the claim to the California Supreme Court that the constitutional effect was to deprive such prisoners of the reasonable expectation that they would serve a term consistent with those provided by the matrix for second degree murder, not a more serious offense." This is close to the second of petitioner's references to the plea bargain quoted on the preceding page. The facts alleged in the petition were sufficient to raise the plea bargain claim. This ground for dismissal is without merit.

   *3.   Mixed petition*

Respondent contends that petitioner did not exhaust his claim that the board violated his due process rights by violating his plea agreement. Because the other issues are exhausted, that would make this a mixed petition.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[1] with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal courts must dismiss a habeas petition which contains one or more unexhausted

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *Id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *Id.* at 1006 n.3.

claims. *Id.* at 522 (1982). If the petition combines exhausted and unexhausted claims, *Rose v. Lundy* requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions: One is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Petitioner's state habeas petition was denied in the California Court of Appeal. Petitioner then petitioned for review in the California Supreme Court. Respondent contends that the petition for review was insufficient to fairly present his claim that his plea agreement was breached.

For purposes of exhaustion, pro se petitions in state court may, and sometimes should, be read differently from counseled petitions. *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). "When a document has been written by counsel, a court should be able to attach ordinary legal significance to the words used in that document." *Id.* at 1158. When it has been written by a pro se petitioner, a court may need to be more flexible. *See, e.g., Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003) (petitioner's pro se status in state court was a factor in favor of finding exhaustion where prisoner claimed ineffective assistance of counsel but failed to cite federal constitution or federal case law in support of his claim). Neither confused arguments nor poor lawyering will necessarily defeat a pro se petitioner's otherwise-adequate efforts to assert a federal claim in state court. *Sandgathe v. Maass*, 314 F.3d 371, 378 (9th Cir. 2002) (holding that citation of inapposite federal cases did not change the fact that the petitioner raised the pertinent

4

argument on appeal; argument was deemed "fairly presented" because state courts expressly addressed federal claim, directly or by implied adoption of lower court ruling, even though the petitioner did not expressly assert federal grounds for the claim).

    The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996). A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The specific factual basis of the federal claim also must be presented to the highest state court. *Kelly v. Small*, 315 F.3d 1063, 1067-69 (9th Cir. 2003) (finding unexhausted ineffective assistance of counsel and prosecutorial misconduct claims where specific instances of ineffectiveness and misconduct asserted in federal petition were neither in the California Supreme Court petition nor discussed by the court of appeal).

    Petitioner's petition for review to the California Supreme Court is attached to his habeas petition as exhibit one. In its table of contents he lists two "[a]rguments," summarized in brief propositions, neither of which mentions the plea bargain. On page one is a list of "Questions Presented." One of these contains a brief reference to the plea bargain: "Does the Board of Prison Terms ("the Board") abuse its discretion by applying its regulations in a manner that is inconsistent with statutory provisions and does it unconstitutionally deprive prisoners like petitioner of a vested liberty interest and plea agreement benefit?" On the next page, in a series of questions purporting to show the necessity for review, the plea agreement is briefly mentioned again: "May the Board or Governor's personal opinion and standardless assessment of the gravity of the offense disregard a jury's determination or plea agreement?" And finally, on page twenty-four: "The Board's identical, and arbitrary, use of the regulation is inconsistent with statutory language and unlawfully deprives prisoners like petitioner of a vested liberty interest, particularly in cases like here where petitioner was convicted by a plea agreement." Respondent asserts

that these are the only three references to the plea agreement in the petition for review; petitioner does not dispute the claim and the court's review of the document has turned up no others.

In the petition for review petitioner does not state as a separate issue his contention that the state breached the plea bargain agreement by not granting him parole, nor does he discuss it in those terms – the word "breach" does not appear.  He does not cite *Santobello v. New York*, 404 U.S. 257 (1971), the landmark case which held that it is a violation of due process for the state to not carry out its part of a plea agreement.  *See id.* at 262.  But the main reason the court concludes that this claim was not exhausted is that petitioner did not allege what he has here, that at as result of the plea bargain he had a right to be allowed parole according to the Board's matrix for second degree murder and not as if he had pled guilty to an even more serious crime.  He did not tell the state court what the plea bargain was and did not say what part of it was breached.  This omission is sufficient in itself to compel the conclusion that the issue is not exhausted, *see Kelly*, 315 F.3d at 1067-69 (9th Cir. 2003) (fair presentation requires that the specific factual basis of the federal claim be presented to the highest state court), and petitioner's failure to separately state and argue his claim merely makes that failure even clearer.  Respondent's motion to dismiss will be granted on this ground.

**CONCLUSION**

1.   Respondent's motion to dismiss (document number 3 on the docket) is **GRANTED**.

2.   Petitioner may choose from three possible courses of action:  (1) he may dismiss this petition with an eye to exhausting and then filing another federal petition;[2] (2) he may amend the petition to dismiss the unexhausted issue, and proceed with those

---

[2] This option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations.

1 which are exhausted;[3] or (3) he may ask for a stay of this case while he returns to state
2 court to attempt to exhaust the plea bargain issue, then, if unsuccessful in state court,
3 return here and ask that the stay be lifted.  If he chooses the third option, asking for a stay,
4 he must show "good cause" for his failure to exhaust sooner, that the issue is "potentially
5 meritorious," and that he has not engaged in "dilatory litigation tactics."  *See Rhines v.*
6 *Weber*, 544 U.S. 269, 277 (2005).

3. Petitioner must elect one of the three choices set out in section three within thirty days of the date this order is entered.  If he does not, this case will be dismissed.

**IT IS SO ORDERED.**

Dated:  February 23, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\RAMOS181.MDSMSS

---

[3] If he chooses this option he probably will not be able to file a future federal petition containing the plea bargain issue, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).