UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL RAMOS,

        Petitioner,　　　　　　　　　　No. C 05-5181 PJH (PR)

  vs.　　　　　　　　　　　　　　　　　　**ORDER TO SHOW CAUSE**

BEN CURRY, Warden,

        Respondent.

     This is a habeas case filed pro se by a state prisoner. The respondent's motion to dismiss was granted because petitioner had not exhausted his claim that the failure to give him a parole date violated his plea bargain. The petition was dismissed with leave to amend to elect among three alternatives. Petitioner has amended, electing to pursue only his claim that there was not sufficient evidence to support the denial. The claim is sufficient to require a response. *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging characteristics of offense might violate due process); *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002) (due process requires that at least "some evidence" support parole denial).

**CONCLUSION**

    1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

    2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

1  granted. Respondent shall file with the answer and serve on petitioner a copy of all
2  portions of the state trial record that have been transcribed previously and that are relevant
3  to a determination of the issues presented by the petition.
4       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
5  the court and serving it on respondent within thirty days of his receipt of the answer.
6       3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
7  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
8  Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court
9  and serve on respondent an opposition or statement of non-opposition within thirty days of
10 receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
11 within fifteen days of receipt of any opposition.
12      4. Petitioner is reminded that all communications with the court must be served on
13 respondent by mailing a true copy of the document to respondent's counsel. Petitioner
14 must keep the court informed of any change of address and must comply with the court's
15 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
16 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v.*
17 *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: June 6, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\RAMOS181.OSC2.wpd

2